KEREN E. GESUND, ESQ.
Cal. Bar No. 253242
**GESUND & PAILET, LLC**
3421 N. Causeway Blvd
Suite 805
Metairie, LA 70002
Tel: (702) 300-1180
Fax: (702) 851-2189
keren@gp-nola.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA CHRISTINE SMITH, an individual, on behalf of herself and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC., a California corporation<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## **COMPLAINT**

Plaintiff, ANDREA CHRISTINE SMITH (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, PERFORMANT RECOVERY, INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

### **PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.

- 1 -

("RFDCPA"). DEFENDANT intentionally and systematically sends collection letters to consumers that overshadow and obscure the validation notice.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because DEFENDANT resides in the Northern District of California.

## PARTIES

4. PLAINTIFF is a natural person residing in Rochester, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is incorporated in California, the principal purpose of whose business is the collection of debts, with a principal place of business at 333 North Canyons Parkway, Ste 100, Livermore, California, 94551.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and §1788.2(c).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or around August 17, 2015, DEFENDANT sent a form collection letter to PLAINTIFF in an attempt to collect a consumer debt, attached hereto as **Exhibit A**.

11. Upon information and belief, this is the first letter that DEFENDANT sent to PLAINTIFF.

12. On the back side of the letter, DEFENDANT included the following message as required by required by 15 U.S.C. § 1692g(a) (the "validation notice"):

IMPORTANT NOTICE OF RIGHTS

*If this is the first notice you receive, be advised that:*

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

See Ex. A, p. 2 (caps, bold, and italics in original).

## CLASS ACTION ALLEGATIONS

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a. A nationwide class consisting of consumers who:

        i. Within one year prior to the filing of this action;

        ii. Received a collection letter from DEFENDANT;

- 3 -

   iii. Which failed to conform to 15 U.S.C. § 1692g(a) in that it did not effectively convey the validation notice.

15. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. Because the letter is a form letter, PLAINTIFF believes that the class includes between 10,000 and 20,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class are so numerous that joinder of all members is impracticable.

16. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

  a. Whether DEFENDANT's letter violates 15 U.S.C. § 1692g(a) by not effectively conveying the validation notice;

  b. The identities of individuals who received a substantially similar collection letter from DEFENDANT which violated the above subsection; and

  c. The total number of collection letters that DEFENDANT mailed to consumers which violated the above subsection.

17. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

18. Upon information and belief, DEFENDANT has a policy of intentionally sending collection letters that do not effectively convey the validation notice.

19. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel,

Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

20. PLAINTIFF is committed to vigorously pursuing her claims.

21. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

22. A class action regarding the issues in this case does not create any problems of manageability.

23. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a) and RFDCPA CAL. CIV. CODE § 1788.17 BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS**

24. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 23 inclusive, above.

25. Pursuant to §1788.17 of the RFDCPA, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provision of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

26. Within five days after its initial communication with a consumer, a debt collector must send a written notice to the consumer containing:

- 5 -

        (1)  the amount of the debt;

        (2)  the name of the creditor to whom the debt is owed;

        (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

        (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

        (5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

    27.    "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

    28.    The notice must not be "confusing and inconsistent with a consumer's right to dispute the debt." *Mejia v. Marauder Corp.*, No. C06-00520-HRL, 2007 U.S. Dist. LEXIS 21313, at *26 (N.D. Cal. Mar. 15, 2007) (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)) ("Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.).

    29.    Here, DEFENDANT does not effectively convey the validation notice because it is qualified by conditional language immediately preceding the notice ("If this is the first notice you receive, be advised that . . .").

30. The least sophisticated consumer would not necessarily know if this letter was the first letter that he or she received from DEFENDANT.

31. This is particularly true if the least sophisticated consumer was receiving collection letters from several different debt collectors.

32. If he or she did not know whether DEFENDANT's letter was, in fact, the first letter, and mistakenly believed that it was not, the least sophisticated consumer would forfeit his or her right to dispute and request verification of the debt.

33. The qualifying language only serves to provide the validation notice in a confusing manner "so as to cloud the required communication with uncertainty." *Id.*

34. DEFENDANT is the party in the best position to know the number of letters it has sent the consumer.

35. There is no reason for DEFENDANT to put conditional language in its 1692g notice.

36. Therefore, DEFENDANT violated 15 U.S.C. § 1692g(a) and § 1788.17.

37. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

38. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

39. Please take notice that PLAINTIFF demands trial by jury in this action.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1) and §1788.30(a);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and §1788.30(b);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For disgorgement of all of Defendant's revenues obtained through use of the letter at issue;

(5) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 12th day of January 2016.

**GESUND & PAILET, LLC**

*Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Cal. Bar No. 253242
**GESUND & PAILET, LLC**
keren@gp-nola.com
*Attorneys for Plaintiffs*